## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ANESTHESIA HEALTHCARE
PARTNERS, INC.; AHP OF CENTRAL
GEORGIA, P.C.; AHP OF CENTRAL
FLORIDA ASC, INC.; ANESTHESIA
HEALTHCARE PARTNERS OF
FLORIDA, INC.; AHP OF
ALTAMONTE SPRINGS, LLC; AHP
OF ORLANDO, LLC; AHP OF
KISSIMMEE, LLC; AHP OF SOUTH
BROWARD LLC; AHP OF EAST
TENNESSEE, PLLC; AHP
ASSOCIATES OF TEXAS, P.A.;
ANESTHESIA HEALTHCARE
PARTNERS OF CONNECTICUT, LLC;
AHP OF NORTHWESTERN
LOUISIANA LLC; and AHP OF
WESTERN LOUISIANA, LLC,

                          Plaintiffs,

     vs.

CIGNA CORPORATION;
CONNECTICUT GENERAL LIFE
INSURANCE COMPANY; and CIGNA
HEALTH CORPORATION,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action File No.

## NOTICE OF REMOVAL TO
## THE UNITED STATES DISTRICT COURT

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Cigna Corporation,

Connecticut General Life Insurance Company, and Cigna Health Corporation

hereby remove the subject action, Georgia Superior Court Case 2014CV242351, from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

1.     The above-styled action was commenced in the Superior Court of Fulton County, Georgia on February 14, 2014, as Civil Action File No. 2014CV242351, and is now pending.

2.     The complaint and summons were served on Connecticut General Life Insurance Company ("CGLIC") on February 18, 2014,[1] and on both Cigna Corporation ("Cigna Corp.") and Cigna Health Corporation ("Cigna Health") on February 28, 2014.   Unless otherwise stated, CGLIC, Cigna Corp. and Cigna Health are referred to in this document collectively as "Cigna."

3.     This Notice of Removal is filed within 30 days of service in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446.

4.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the plaintiffs' claims raise federal questions.   Jurisdiction also exists under § 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1), because the plaintiffs' claims arise in connection with ERISA-governed health benefits plans.

---

[1] It is possible that the complaint was served on CGLIC twice, once on February 14, and once on February 18, but the plaintiffs' affidavit on service states February 18.

5.     The plaintiffs' complaint is completely preempted by ERISA and therefore removable to this Court.   As explained below, the essence of the complaint is that the plaintiffs seek to stand in the shoes of Cigna members who receive benefits under ERISA benefit plans and seek to recover benefits due to those members pursuant to the terms of those ERISA benefit plans.  The plaintiffs (i) allege that Cigna is administering claims under employee benefit plans, (ii) seek to stand in the shoes of Cigna's members, and (iii) allege that they are entitled to recover the benefits available under those plans.

6.     More specifically, the plaintiffs purport to assert two common law causes of action, claiming that their provision of anesthesia services from 2009-12 to members of Cigna health benefits plans entitles them to recover alleged benefit underpayments based on theories of quantum meruit and unjust enrichment.  (*Id.*, ¶¶ 53-67).[2]

7.     The essence of the complaint as a request seeking benefits is clear. The plaintiffs allege that "Cigna issues private health insurance policies and administers employee health insurance [benefit] plans." (*Id.* ¶ 28.)  They further allege that, "[a]s an insurer or plan administrator . . . CIGNA reimburses medical care providers, such as hospitals, surgery centers, and physicians, for services

---

[2] The plaintiffs also purport to seek fees and expenses under Georgia law.  (*Id.*, Count III, ¶¶ 68-70.)

provided to its members (also referred to as insureds, beneficiaries, or subscribers)." (*Id.* ¶ 29.)

8.      For their part, the plaintiffs allegedly manage professional anesthesia services for healthcare facilities and contract with physician anesthesiologists and certified registered nurse anesthetists who provide medical services to Cigna's members, including ERISA plan participants. (*Id.* ¶¶ 24-25.) The plaintiffs sign contracts with those facilities and providers and "are entitled to all collections for billable professional services furnished by the anesthesia providers." (*Id.* ¶ 24.) The "physicians and CRNAs transfer and assign to Plaintiffs all fees resulting from their professional services." (*Id.* ¶ 25.)

9.      The plaintiffs allege that they did not have a contract with Cigna as a "network" provider during the relevant period. They "were out-of-network providers" and "were not parties to an express contract with CIGNA." (*Id.* ¶ 33.) When they provided services to a Cigna "member" (*e.g.*, a patient under a Cigna-administered benefit plan), they "would submit a health insurance claim form (CMS-1500) to CIGNA for each claim for reimbursement." (*Id.* ¶ 37.) Cigna "would process the claim, return to Plaintiffs an Explanation of Benefits ('EOB'), and electronically transfer payment to Plaintiffs."[3] (*Id.* ¶ 38.)

---

[3] An Explanation of Benefits is the primary form of communication between a health insurance carrier and its customer that details recent care charges and benefit

10.    According to plaintiffs, Cigna misapplied the benefits to which plan members were allegedly entitled and therefore underpaid the plaintiffs for the full amounts they were allegedly due under the terms of the applicable benefit plans (*i.e.*, the ERISA plans).  As the complaint alleges, "[m]any of the underpayments result from CIGNA unilaterally imposing a so-called 'Maximum Reimbursement Charge.'  For these claims, CIGNA's EOBs will state: '*Member's benefits plan limits payment to Maximum Reimbursable Charge.  The provider may bill the member for the balance.*'" (*Id.* ¶ 45 (emphasis added).)

11.    The plaintiffs further assert that they are unable to determine whether the substance of the coverage provided in those benefit plans include such terms or how those terms relate to the scope of coverage under the plans.  The plaintiffs allege that they "have no way to determine whether CIGNA's application of its purported Maximum Reimbursement Charge ('MRC') is internally consistent or whether Cigna has properly calculated its MRC amount." (*Id.* ¶ 46.)

12.    The plaintiffs also allege that they have appealed many individual claims directly to Cigna.  (*Id.* ¶ 47.)  By "appealed" the plaintiffs mean that, as non-contracted providers, they stepped into the shoes of Cigna plan members and

---

plan payments.  *See, e.g.,* Explanation of Health Care Benefits | Cigna EOB, http://www.cigna.com/privacyinformation/privacy-notices-and-forms/member-forms/medical-claim-form/explanation-of-benefits.page (last visited Mar. 14, 2014.)

engaged in the administrative appeal process provided by the applicable benefit plans.   The plaintiffs allege that they "successfully appealed many individual claims to CIGNA that were underpaid based on the purported MRC."   (*Id.* ¶ 47.) The plaintiffs assert that their provision of services to Cigna members assisted in performing Cigna in its alleged administrative role in connection with the plans. (*Id.* ¶ 50.)[4]

13.   Claim forms submitted by the plaintiffs to Cigna further establish that the plaintiffs are claiming benefits under an assignment of the plan benefits from Cigna members.  (Ex. A, Declaration of E. Russell, and attachments thereto.)

14.   The plaintiffs couch their claims as state law claims.  But an action to recover benefits allegedly wrongfully denied is the quintessential case under ERISA's civil enforcement scheme.  *See* 29 U.S.C. § 1132(a) ("A civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of the plan or to enforce his rights under the terms of the plan").  Though the plaintiffs couch their claims in the common law, the nature of their claims as arising under ERISA is clear.

15.   Removal is appropriate where the complaint seeks benefits under an ERISA plan and is completely preempted by ERISA.  So long as the "content of

---

[4] While it is irrelevant for removal purposes, the plaintiffs' description of Cigna's administrative role is truncated and may not be fully accurate.

the claims necessarily require[d] the court to inquire into aspects of the ERISA plans . . . the claims are completely preempted." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1288 (11th Cir. 2011) (internal citations and quotations omitted); *accord Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1304-05 (11th Cir. 2010).   The plain text of the allegations makes clear that the complaint would require the Court to take precisely such action.

16.    This case falls squarely under ERISA.   Under a litany of case law, a claim is completely preempted under ERISA where the plaintiff's claim fall within the scope of ERISA, the plaintiff has standing to sue under ERISA, and the defendants' actions implicate no other legal duty. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139-140 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Borrero*, 610 F.3d at 1303; *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 (11th Cir. 2009).

17.    The plaintiffs may not evade federal jurisdiction under ERISA by trying to cast their ERISA claims as common law claims for quantum meruit or unjust enrichment. *See, e.g., Pilot Life Ins. Co.*, 481 U.S. 41 (holding claims for breach of contract, breach of fiduciary duty, and fraud in the inducement preempted); *Jones v. LMR International, Inc.*, 457 F.3d 1174, 1180 (11th Cir. 2006) (holding claims for fraud, suppression and deceit, breach of contract, civil

theft, unjust enrichment, negligence, and wantonness preempted); *National Renal Alliance, LLC v. Blue Cross and Blue Shield of Georgia, Inc.,* 598 F. Supp. 2d 1344, 1356-61 (N.D. Ga. 2009) (holding claims for breach of contract, misrepresentation, unjust enrichment, quantum meruit, and violations of Georgia's Uniform Deceptive Trade Practices Act preempted); *Enigma Management Corp. v. Multiplan, Inc.*, No. 13-CV-5524, 2014 U.S. Dist. Lexis 9738, at *29, *33 (E.D.N.Y. Jan. 27, 2014) (holding claims for unjust enrichment and fraudulent misrepresentation preempted).

18.   To the extent that any of plaintiffs' claims are deemed not to be independently removable under 28 U.S.C. § 1441(b), those claims are nevertheless removable pursuant to 28 U.S.C. § 1441(c).

19.   Attached are true copies of the following documents filed in the Superior Court of Fulton County, Georgia:

Exhibit B is the complaint;

Exhibit C is a general civil case filing information form;

Exhibit D is a summons;

Exhibit E is the plaintiffs' motion for appointment of a special process server;

Exhibit F are affidavits of special process servers filed by the plaintiffs;

Exhibit G is an order of appointment for process service;

Exhibit H is an affidavit of service on Connecticut General Life Insurance Co. filed by plaintiffs; and

Exhibit I is the notice of removal defendants plan to file in State court.

WHEREFORE, the defendants hereby remove the subject action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Dated:  March 17, 2014                          Respectfully submitted,


                                       By:  s/Kenton J. Coppage
                                            _____

John J. Hamill (Applying Pro Hac Vice)     Elizabeth J. Bondurant
Jason M. Bradford (Applying Pro Hac Vice)  Georgia Bar No. 066690
Jenner & Block LLP                         Kenton J. Coppage
353 N. Clark Street                        Georgia Bar No. 187190
Chicago, IL 60654-3456                     SMITH MOORE
312-923-8347                               LEATERHWOOD, LLP
                                           Atlantic Center Plaza, Suite 2300
                                           1180 West Peachtree Street
                                           Atlanta, GA 30309
                                           404-962-1000

                                           Attorneys for Defendants Cigna
                                           Corporation, Connecticut General
                                           Life Insurance Company, and
                                           Cigna Health Corporation

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I certify this pleading complies with the font

and point selections approved by the court in LR 5.1C.

Respectfully submitted this 17th day of March, 2014.

s/*Kenton J. Coppage*

Georgia Bar No. 187190

SMITH MOORE LEATHERWOOD LLP
Regions Plaza, Suite 2300
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 962-1000 (*Telephone*)
(404) 962-1200 (*Facsimile*)
lisa.bondurant@smithmoorelaw.com
kent.coppage@smithmoorelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2014, I electronically filed this NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT with the Clerk of Court using the CM/ECF system and that I have mailed by United States Postal Service a copy of same to the following:

| | |
|---|---|
| Cary Ichter | Steven M. Mills |
| Reid Shannon | Scott R. Hoopes |
| ICHTER THOMAS, LLC | MILLS & HOOPES, LLC |
| 3340 Peachtree Road, NE | 1550 North Brown Road |
| Suite 1530 | Suite 1300 |
| Atlanta, GA 30326 | Lawrenceville, GA 30043 |

This 17th day of March, 2014.

s/ Kenton J. Coppage
Kenton J. Coppage

SMITH MOORE LEATHERWOOD LLP
Regions Plaza, Suite 2300
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 962-1000 (*Telephone*)
(404) 962-1200 (*Facsimile*)
lisa.bondurant@smithmoorelaw.com
kent.coppage@smithmoorelaw.com