**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| ANESTHESIA HEALTHCARE PARTNERS, INC., *et al.*, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACTION NO. 1:14-CV-00776-RWS |
| CIGNA CORPORATION, *et al.*, | : : : | |
| Defendants. | : : : | |

## **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss the Plaintiffs' Complaint and to Strike Jury Demand ("Defs.' Mot. to Dismiss," Dkt. [8]) and Plaintiffs' Request for an Oral Hearing on Defendants' Motion to Dismiss (Dkt. [15]). After reviewing the record, the Court enters the following Order.

## **Background[1]**

Plaintiffs Anesthesia Healthcare Partners, Inc.; AHP of Central Georgia, P.C.; AHP of Central Florida ASC, Inc.; Anesthesia Healthcare Partners of

---

[1] As the case is before the Court on a Motion to Dismiss, the Court accepts as true the facts alleged in the complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

Florida, Inc.; AHP of Altamonte Springs, LLC; AHP of Orlando, LLC; AHP of Kissimee, LLC; AHP of South Broward LLC; AHP of East Tennessee, PLLC; AHP Associates of Texas, P.A.; Anesthesia Healthcare Partners of Connecticut, LLC; AHP of Northwestern Louisiana LLC; and AHP of Western Lousiana, LLC, (collectively, "Plaintiffs") secure and oversee anesthesia services for healthcare facilities and their patients. (Compl., Ex. B to Notice of Removal ("Compl."), Dkt. [1-3] ¶¶ 23-24.) Plaintiffs enter into contracts with both healthcare facilities and anesthesiologists and nurse anesthetists. (Id. ¶¶ 24-26.) Under these contracts, Plaintiffs are assigned all rights to collect fees for professional services rendered by the anesthesiologists and nurse anesthetists. (Id.) Accordingly, Plaintiffs "stand in the shoes of the providers." (Id. ¶ 26.)

Defendants CIGNA Corporation, Connecticut General Life Insurance Company, and CIGNA Health Corporation (collectively, "CIGNA") "issues private health insurance policies and administers employee health insurance plans." (Id. ¶ 28.) CIGNA does not provide medical care itself, but reimburses medical care providers for services provided to CIGNA's members. (Id. ¶ 29.) Plaintiffs at all times relevant to this case were "out-of-network providers" for CIGNA, meaning that Plaintiffs had no express contract with CIGNA that

2

would limit reimbursement rates for medical care to CIGNA's members. (Id. ¶ 32-33.) Plaintiffs provided "medically necessary" anesthesia to CIGNA members in connection with various procedures and surgeries. (Id. ¶¶ 34-35.)

Plaintiffs, either directly or through a third-party billing agency, submit health insurance claim forms to CIGNA for reimbursement for anesthesia services provided to CIGNA members. (Id. ¶ 37.) CIGNA processes these claims and subsequently issues a payment and an Explanation of Benefits ("EOB") to Plaintiffs. (Id. ¶ 38.) Plaintiffs allege that CIGNA initially reimbursed Plaintiffs' claims at a rate of 77 to 80 percent of the billed charges, but "[s]tarting in 2009, CIGNA began wrongfully underpaying or denying payment" on Plaintiffs' submitted claims. (Id. ¶¶ 39, 41.) Plaintiffs further allege that, between 2009 and 2012, CIGNA "knowingly underpaid Plaintiffs by approximately $17 million." (Id. ¶¶ 42-43.) Plaintiffs "successfully appealed many individual claims" where CIGNA had initially limited payment. (Id. ¶ 47.) Plaintiffs claim that they relied on CIGNA's practice of fully reimbursing Plaintiff's claims and argue that they are not required to individually pursue each of thousands of allegedly underpaid claims. (Id.

3

¶¶ 48-49.) Plaintiffs further claim that they conferred benefits on CIGNA by providing anesthesia services to CIGNA members. (Id. ¶¶ 50-52.)

Accordingly, Plaintiffs initiated this action in the Superior Court of Fulton County on February 14, 2014, naming causes of action for Quantum Meruit (Count I), Unjust Enrichment (Count II), and Attorneys' Fees and Litigation Expenses (Count III). (Compl., Dkt. [1-3] ¶¶ 53-70.) CIGNA removed the action to this Court on March 17, 2014, pursuant to 28 U.S.C. § 1441 and 1446 and on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, Dkt. [1].) Defendants claim that jurisdiction lies with this Court because Plaintiff's claims arise in connection with health benefits plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and thus are completely preempted by 29 U.S.C. § 1132(e)(1).

Now, Defendants move to dismiss this action on three grounds: (1) Plaintiffs' claims are barred by ERISA because Plaintiffs did not exhaust their available remedies, (2) Plaintiffs' state law claims are expressly preempted by ERISA, and (3) Plaintiffs fail to state a claim upon which relief may be granted. (Defs.' Mot. to Dismiss the Pls.' Compl. & to Strike Jury Demand, Dkt. [8] ¶¶ 3-5.) Defendants also move to strike Plaintiffs' demand for a jury trial on

4

grounds that claims for benefits under ERISA are equitable in nature, and accordingly do not entitle Plaintiffs to a jury trial under the Seventh Amendment. (Defs.'Mem. of Law in Supp. of Defs.' Mot. to Dismiss, Dkt. [8-1] at 22.) Plaintiffs respond in opposition, arguing that their claims are not subject to ERISA preemption and that Plaintiffs benefited CIGNA such to give rise to state law claims for unjust enrichment and quantum meruit. (Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss, Dkt. [10].) The Court now considers the parties' arguments.

## Discussion

### I.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

5

Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also FED. R. CIV. P. 12(d). However, documents attached to a complaint are considered part of the complaint. FED. R. CIV. P. 10(c). Documents "need not be physically

6

attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim.  D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed."  Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged."  Id.

**II.     Analysis**

As an initial matter, the Court in this Order does not decide the issue of ERISA preemption.  Taking the facts in the Complaint as true and construing them in the light most favorable to the Plaintiffs, as the Court must on a motion to dismiss, the Court finds that dismissal is not warranted at this stage.  At issue here is whether Plaintiffs have pled sufficient factual material such that they have complied with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  The Court finds that they have.

Plaintiffs have sufficiently alleged a prior course of dealing between the parties that could give rise to the state law claims brought by Plaintiffs in their

7

AO 72A
(Rev.8/82)

Complaint.  Defendants rely primarily on ERISA grounds in arguing their motion to dismiss – however, neither party has alleged or brought evidence before the Court showing that this case involves plans covered by ERISA.

In the present case, the Court finds that Plaintiffs have pled sufficient facts to give Defendants notice and enough details to allow an investigation of the claims asserted.  The facts of this case are not, however, sufficiently developed such that the Court can rule on the arguments set forth in Defendants' brief.  After further development of the facts, these arguments may be appropriate to bring before the Court on a motion for summary judgment.  But as this case is currently before the Court on Defendants' Motion to Dismiss, that motion must be **DENIED**.

As stated above, the Court does not decide whether Plaintiffs' state law claims are preempted by ERISA.  Accordingly, Defendants' motion to strike Plaintiffs' jury demand must also be **DENIED**.

Finally, because the Court has denied Defendants' Motion to Dismiss, Plaintiffs' Request for an Oral Hearing on Defendants' Motion to Dismiss is **DENIED as moot**.

AO 72A
(Rev.8/82)

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss the Plaintiffs' Complaint and to Strike Jury Demand [8] is **DENIED**.  Plaintiffs' Request for an Oral Hearing on Defendants' Motion to Dismiss the Plaintiff's Complaint and to Strike Jury Demand [15] is **DENIED as moot**.

**SO ORDERED**, this   3rd   day of March, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)